[640 NYS2d 34]

In the Matter of STUART M. FISCHMAN (Admitted as STUART MARVIN FISCHMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 26, 1996

### APPEARANCES OF COUNSEL

*Richard Supple* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*John S. Carro* of counsel *(Carro, Velez, Carro & Mitchell, L. L. P.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Stuart M. Fischman was admitted to practice law in the State of New York by the Second Judicial Depart-

ment, as Stuart Marvin Fischman, on April 24, 1974 and has maintained an office for the practice of law in the First Judicial Department.

On December 1, 1995, the Departmental Disciplinary Committee (the Committee) filed a statement of charges charging respondent with violations of Code of Professional Responsibility DR 1-102 (A) (4) (three counts), (5) and (6) (now [8]) and DR 9-102 (D) and (I) (22 NYCRR 1200.3, 1200.46). The charges allege, *inter alia*, that respondent, who was "of counsel" to Dreyer and Traub (the Firm) between February 1988 and January 1990, defalcated the firm by maintaining a secret, private legal practice in contravention of the Firm's partnership provisions and general policy. In doing so, it is further alleged that respondent converted at least $260,000 of partnership funds.

Respondent submitted a verified answer and defenses to the charges on January 17, 1996. Respondent subsequently made a number of motions, the most recent of which sought to compel the Committee to issue subpoenas to more than 20 current and former members of the Firm, which was denied by order of this Court entered February 2, 1996.

Respondent, by motion dated February 2, 1996, now seeks a postponement and/or suspension of the hearings in the within matter pursuant to 22 NYCRR 603.16 (c) (1) in view of his serious and chronic debilitating illness. Counsel for respondent maintains that he has been unable to meet with respondent because of respondent's deteriorating medical condition, thereby impeding his ability to prepare for a hearing in this matter. Further, an affidavit, submitted by one of respondent's physicians chronicles respondent's progressive and debilitating illness, which includes severe neurological symptoms.

The Committee supports respondent's request pursuant to 22 NYCRR 603.16 (c) (1) and asserts that respondent should be suspended indefinitely from the practice of law on account of his medical incapacity. The Committee did not address the merits of respondent's answer and defenses to the charges as those facts are not in issue before the Court.

In view of the foregoing, we conclude that respondent suffers from a disability by reason of physical infirmity or illness, which makes it impossible for him to adequately defend himself at this time.

Accordingly, the respondent's motion pursuant to 22 NYCRR 603.16 (c) (1) is granted to the extent that respondent is indefinitely suspended from the practice of law until a deter-

mination of the respondent's capacity to continue the practice of law is made in proceedings instituted in accordance with 22 NYCRR 603.16 (b).

ELLERIN, J. P., KUPFERMAN, WILLIAMS, TOM and MAZZARELLI, JJ., concur.

Respondent's motion for an order postponing and/or suspending the hearing in this matter is granted to the extent that respondent is forthwith suspended from practice as an attorney and counselor-at-law in the State of New York indefinitely, and until a determination of respondent's capacity to continue the practice of law is made in proceedings instituted in accordance with 22 NYCRR 603.16 (b), and until the further order of this Court.